**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE and JOHN DOE, as next friends of JANE DOE 2, a minor, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:  20-cv-5043 |
| v. | ) ) | Plaintiff Demands Trial by Jury |
| US HEALTHVEST, LLC., a Delaware Limited Liability Company and 2014 HEALTH, LLC, a Delaware Limited Liability Company, doing business as CHICAGO BEHAVIORAL HOSPITAL, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**MOTION TO PROCEED UNDER THE PSEUDONYMS OF
JANE DOE, JOHN DOE, AND JANE DOE 2**

Jane Doe and John Doe, as the next of friends of Plaintiff Jane Doe 2, a minor, by their attorneys, Jennifer M. Sender and Andrés J. Gallegos of Robbins, Salomon & Patt, Ltd., move this Court for leave to file the Complaint under the pseudonyms of Jane Doe, John Doe and Jane Doe 2, respectively. In support of said motion, Plaintiff states as follows:

1.      A copy of the proposed Complaint is attached hereto as Exhibit A. With leave of court, the Plaintiff will file under seal the Complaint using the Does' proper names.

2.      In the Complaint, Plaintiffs are seeking injunctive and monetary compensation against defendant for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq*.; and Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 U.S.C. § 18116. Plaintiffs allege that the defendant violated these federal anti-

discrimination statutes by refusing to admit Plaintiff, Jane Doe 2, to its psychiatric hospital based solely on her disability.

3.     As alleged in the proposed Complaint, Jane Doe 2 is a minor. Jane Doe and John Doe are the parents of Jane Doe 2.

4.     As more fully described in the proposed Complaint, the events surrounding the requested admission of Jane Doe 2 to defendant's facility, were very traumatic and sensitive in nature, namely, Jane Doe 2 was experiencing a psychiatric crisis, including anxiety and delusions, and was expressing thoughts of suicide, and a hospital emergency department's psychiatry crisis intervention team was seeking immediate placement of her in mental and behavioral health facility for treatment.

5.     A district court has the discretion to allow parties to proceed under fictitious names. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). "[P]articularly vulnerable parties" such as "children [or] rape victims" may be better positioned to demonstrate exceptional circumstances. *Id*. (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by a showing that the harm to the [party requesting anonymity]…exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

2

6.      Here, exceptional circumstances exist to warrant the use of fictitious names for the protection of a child. Moreover, given the sensitive medical nature of the circumstances that led to this litigation, as fully set forth in the proposed Complaint, the privacy of the minor Plaintiff exceeds any likely harm from concealment of her identity. Finally, anonymity of Plaintiff's parents is necessary to ensure the anonymity of the minor Plaintiff, as her name could easily be discerned by the disclosure of her parents' names.

WHEREFORE, Jane Doe and John Doe, as the next of friends of Plaintiff Jane Doe 2, a minor, request that this Honorable Court allow them leave to file the Complaint under the pseudonyms of Jane Doe, John Doe and Jane Doe 2, respectively.

Jane Doe and John Doe, as next of friends of Plaintiff Jane Doe 2, a minor.

/s/ Jennifer M. Sender

One of Their Attorneys

Jennifer M. Sender (ARDC No. 6207774)
Andrés J. Gallegos (ARDC No. 6212168)
Attorneys for Plaintiff
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000 - Telephone
(312) 782-6690 - Facsimile
jsender@rsplaw.com
agallegos@rsplaw.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE and JOHN DOE, as next friends of JANE DOE 2, a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No.: 20-cv-5043 |
| v. | ) ) | Plaintiff Demands Trial by Jury |
| US HEALTHVEST, LLC., a Delaware Limited Liability Company and 2014 HEALTH, LLC, a Delaware Limited Liability Company, doing business as CHICAGO BEHAVIORAL HOSPITAL, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Jane Doe and John Doe, as next friends of Plaintiff Jane Doe 2 ("Plaintiff," and sometimes "Jane Doe 2"), a minor, by their attorneys, Jennifer M. Sender and Andrés J. Gallegos of Robbins, Salomon & Patt, Ltd., for their Complaint against Defendants US HealthVest, LLC ("US HealthVest") a Delaware Limited Liability Company and 2014 Health, LLC ("2014 Health" and together with US HealthVest are sometimes referred to herein a "Defendants"), a Delaware Limited Liability Company, doing business as Chicago Behavioral Hospital ("Chicago Behavioral Hospital" and sometimes referred to herein as "Hospital"), state as follows:

## INTRODUCTION

1. In July 2019, Jane Doe 2 experienced a mental health crisis and was taken to Highland Park Hospital's emergency department. There, the hospital's crisis intervention team determined Jane Doe 2 required immediate hospitalization to receive intensive, multidisciplinary mental health treatment as she was a serious threat of harm to herself. Admission was sought at

Chicago Behavioral Hospital, a hospital with an adolescent mental health program. However, the Hospital denied admission to Jane Doe 2 solely on the basis that she uses a wheelchair.

## JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the Plaintiffs' claims alleged herein arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq.*; and Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 U.S.C. § 18116. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). All of the events or omissions giving rise to Plaintiffs' claims occurred here in this district.

## THE PARTIES

4.     Plaintiff Jane Doe 2 is 15-years old and has been living with the effects of cerebral palsy since birth. Jane Doe 2 is a person with a disability within the meaning of all applicable statutes. Jane Doe 2 resides in Northbrook, Illinois with her parents and siblings.

5.     US HealthVest is a behavioral healthcare company providing individualized behavior health services to patients of all ages, including inpatient, residential and day hospital services at seven psychiatric hospitals in Chicago, Atlanta, and Seattle markets. US HealthVest owns 2014 Health, and Chicago Behavioral is one of its behavioral health facilities.

6.     2014 Health operates Chicago Behavioral, a mental health facility that provides specialized mental health and substance abuse treatments offering specialized inpatient programs and outpatient services to address symptoms of mental illness. Among its inpatient services are

2

programs designed for adolescents, adults, and senior adults. Chicago Behavioral treats depression, with a special emphasis on teen depression, suicide, bipolar disorders, substance abuse, among other disorders. Chicago Behavioral is located in Des Plaines, Illinois.

7.      Chicago Behavioral receives federal financial assistance in the form of Medicare and Medicaid reimbursement and is a participating provider in one or more Medicaid managed care plans. Accordingly, the Hospital is a recipient of federal financial assistance within the meaning of the Rehabilitation Act and is a covered entity under Section 1557.

## EXPERIENCES OF PLAINTIFF JANE DOE 2

8.      Jane Doe 2 has a history of anxiety and depression, which has and will likely from time to time require intervention or treatment on an inpatient or outpatient basis. The Hospital is approximately 10.5 miles from Jane Doe 2's residence. Upon the Hospital's compliance with its federal nondiscrimination mandates, she intends to return to Hospital.

9.      As a result of Jane Doe 2's cerebral palsy, she requires the use of a power wheelchair for mobility, although she can ambulate with a walker, approximately 100 yards, and using forearm crutches, approximately 70 feet. She can operate her wheelchair independently. Jane Doe 2 can stand and bear weight with assistance for balance, for approximately 3-5 minutes. She can independently feed herself, requiring assistance only for cutting meat. She can wash her face and hands, brush her teeth, and bathe herself in a wheelchair accessible bathroom with assistance in setting up supplies and in transferring to and from her wheelchair and shower chair or tub. She can independently transfer to and from her wheelchair and toilet in a wheelchair accessible bathroom. However, since last summer because of increased depression she became incontinent. Jane Doe 2 can transfer herself to and from her wheelchair and a bed in a wheelchair accessible

bedroom. If her clothes are within reach, she can also dress and undress herself. Jane Doe 2 can speak and hear.

10.     In July 2019, while attending summer camp for children with disabilities in Grand Rapids, Michigan, Jane Doe 2 was having episodes of significant anxiety, confusion, and delusion, and expressing thoughts of suicide. On July 25, 2019, she was rushed by ambulance to a hospital in Grand Rapids. She remained there for five nights. The hospital tried without success to place her into a mental and behavioral health hospital in the area. As a result, Jane Doe 2 was discharged, on July 30, 2019, to her mom, Jane Doe. The outpatient psychiatrist advised that Jane Doe 2 should go to the emergency department of Highland Park Hospital ("HPH") to expedite psychiatric admission locally, which she did that same day.

11.     HPH's psychiatry crisis intervention team evaluated Jane Doe 2 in its emergency department. They diagnosed her as having depression with psychosis. The crisis intervention team concluded Jane Doe 2 required immediate hospitalization as she met the criteria for hospitalization due to the inability to care for herself.

12.     HPH could not admit Jane Doe 2 to its mental and behavioral health unit and, therefore, its psychiatry crisis intervention team members attempted to secure Jane Doe 2's admission in a mental and behavioral health facility. Chicago Behavioral was one of the facilities HBH contacted on July 30, 2019. On that date, a crisis intervention team member initially contacted the Hospital and faxed a referral packet for its consideration. At approximately 11:49 p.m., an HPH social worker received a call from the Hospital, and a Hospital employee stated, "due to medical acuity, we have to deflect at this time." Jane Doe 2, a teen diagnosed with worsening depression, anxiety including excessive worry, and psychosis, including delusions and

hallucinations, was denied mental health care at the Hospital, which specializes in teen depression, solely on the basis of her disability.

13.     Upon learning that she was denied admission to Hospital, for the very reason that was at the core of her depression – her wheelchair - Jane Doe 2 felt hopeless, angry, and discouraged. She had already felt a sense of isolation in her daily routine due to her disability and this deflection enforced her already existing feelings of depression and despair.

14.     As a direct and proximate cause of the Hospital's refusal to admit Jane Doe 2 caused her to suffer great mental anguish, frustration, stress, humiliation, and she was otherwise injured and damaged.

## COUNT I

## <u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12131</u>

15.     Plaintiff incorporates here by reference paragraphs 1 through 14, as if fully set forth herein.

16.     Plaintiff's claims in Count I arise under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12189 (the "ADA"), and its implementing regulations under Title III, applicable to public accommodations, 28 C.F.R. §§ 36.101 – 36.608, which provide in pertinent part as follows:

A.     No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

B.     It shall be discriminatory to subject an individual on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b) (1)(A)(i); 28 C.F.R. § 36.202(a).

5

C. It shall be discriminatory to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

D. A public accommodation shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b)(2)(A)(i); 28 C.F.R. § 36.301(a).

E. A public accommodation may impose legitimate safety requirements that are necessary for safe operation. Safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities. 28 C.F.R. § 36.301(b).

F. A public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, *i.e.*, easily accomplishable, and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.304(a).

G. The term "public accommodation," as used in the statute, includes hospitals. 42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104.

17. As a behavioral health hospital, Hospital is a public accommodation and subject to the requirements of Title III of the ADA.

18. Jane Doe 2 did not seek admission to Hospital for medical care associated with her cerebral palsy. Moreover, Jane Doe 2 does not seek to expand the scope of Hospital's existing teens behavioral health services or challenge its substance; she only wants to obtain its benefits as other patients who do not utilize wheelchairs do. Hospital has a legal obligation to modify its policies practices and procedures to allow for the admission of otherwise qualified patients who utilize mobility devices, like Jane Doe 2, and to provide the required assistance with her activities

of daily living, as doing so will not result in a fundamental alteration to the nature of its behavioral health services. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

19.     Hospital has a legal obligation to not make a generalized assessment with respect to the safety threat that Jane Does 2's use of her power wheelchair may pose. 28 C.F.R. § 36.301(b).

20.     The acts and omissions of Hospital violated and continue to violate the ADA and its implementing regulations in one or more or all the following manners, as Defendants have discriminated against Plaintiff by:

A.     Denying her the opportunity for the full and equal enjoyment of Defendants' services and facilities on the basis of her physical disability.

B.     Denying her the opportunity to participate in or benefit from Defendants' services and facilities on the basis of her physical disability.

C.     Utilizing admission criteria that screens her out from fully and equally enjoying its services and facilities.

D.     Denying her the opportunity to participate in or benefit from Defendants' services and Facilities based upon a general assessment of a perceived safety risk by her utilization of a wheelchair.

E.     Failing to make reasonable modifications in its policies, practices, or procedures, which are necessary to afford Defendants' services and facilities to her where such modifications would not fundamentally alter the nature of its services.

F.     Failing to remove architectural barriers where such removal is readily achievable to permit her to access its facilities the purposes of utilizing its services.

G.     Otherwise having discriminated against Jane Doe 2 because of her disability.

21.     Defendants' conduct constitutes ongoing and continuing violations of the ADA. Unless restrained from doing so, Defendants will continue to violate the ADA. This conduct, unless enjoined, will continue to inflict injuries on Jane Doe 2, for which she has no adequate

7

remedy at law. Therefore, pursuant to section 308 of the ADA (42 U.S.C. § 12188), Plaintiff is entitled to injunctive relief.

22.     Plaintiff is entitled to reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Jane Doe 2 prays for the following relief:

A.     An order enjoining Defendants from discriminating against the Plaintiff, requiring Defendants to (i) adopt and implement an inpatient admissions policy that does not screen out patients with physical disabilities; (ii) make available qualified staff to assist Plaintiff with her activities of daily living, as needed; (iii) provide its appropriate employees training on the foregoing admissions policy; (iv) provide its appropriate employees with disability cultural competency training; and (vi) remove existing architectural barriers where readily achievable;

B.     A declaration that Defendants in denying Plaintiff access to its facilities and services discriminates against the Plaintiff and that Defendants fails to have a nondiscriminatory admission policy as required by law;

C.     An award of attorneys' fees and costs; and

D.     Such other relief as the Court deems just.

## COUNT II

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 704

23.     Plaintiff incorporates here by reference paragraphs 1 through 15, as if fully set forth herein.

24.     At all relevant times herein, Defendants received federal financial assistance in the form of reimbursement from the federal Medicare and Medicaid programs. As a result, Defendants are subject to the antidiscrimination provisions of Section 504, as herein described.

25.     At all times relevant, there was in full force and effect a statute known as the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et sequitur*, and its implementing regulations, 45

C.F.R. § 84.4(a). The Section 504 implementing regulation provides that "[n]o qualified handicapped person shall, on the basis of handicap be excluded from participation in, be denied the benefits of or otherwise be subjected to discrimination under any program or activity which receives or benefits from Federal financial assistance." 45 C.F.R. § 84.4(a). The regulation further provides:

A. A recipient, in providing any aid, benefit, or service, may not, ... on the basis of handicap: (ii) Afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit or service that is not equal to that afforded others ... 45 C.F.R. § 84.4(b)(1)(ii).

B. A recipient may not, directly or through contractual or other arrangements, utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap ... 45 C.F.R. § 84.4(b)(4).

C. In providing health, welfare or other social services or benefits, a recipient may not on the basis of handicap: … (2) Afford a qualified handicapped person an opportunity to receive benefits or services that is not equal to that offered non-handicapped persons. 45 C.F.R. § 84.52(a)(2).

D. A definition for "handicapped person" as any person who: "(i) has a physical or mental impairment which substantially limits one or more major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 45 C.F.R. § 84.3(j)(l)(i)-(iii).

E. A definition for "qualified handicapped person," with respect to the provision of health, welfare and social services, as a person "who meets the essential eligibility requirements for the receipt of such services." 45 C.F.R. § 84.3(k)(4).

F. A recipient shall operate its program or activity so that when each part is viewed in its entirety, it is readily accessible to handicapped persons… 45 C.F.R. § 84.22(a).

26. Jane Doe 2 is a qualified person with a disability who met the essential eligibility requirements for receipt of Hospital's behavioral health services as she suffered from depression and anxiety. Further, HPH's psychiatry crisis intervention team determined psychiatric inpatient admission was required. The services she sought were directly within Hospital's scope of services offered. But for her physical disability, Hospital would have accepted Jane Doe 2 as a patient.

9

27.     Through the acts and omissions alleged herein, Hospital has, solely on the basis of Plaintiff's disability, denied Plaintiff access to its services and facilities, excluded Plaintiff from participating in its services, denied Plaintiff the benefit of its services and subjected Plaintiff to discrimination in violation of 29 U.S.C. § 794. *et seq*., and the regulations promulgated thereunder, all of which have resulted in injury to Plaintiff. *See, Bowen v. American Hospital Association,* 476 U.S. 610 (1986)(Section 504 does entitle handicapped individuals to 'meaningful access' to medical services).

28.     Hospital's discriminatory refusal to accept Jane Doe 2 as a patient, on the basis of her physical disability, was intentional and done with deliberate indifference as to Jane Doe 2's federally protected civil and legal rights.

29.     Hospital's acts and omissions alleged herein violated Section 504 and its implementing regulations and discriminated against Plaintiff by:

A.      Denying her meaningful access to its mental health services.

B.      Denying her the opportunity for the full and equal enjoyment of its services and facilities owned, operated, and/or contracted for use by Defendants.

C.      Denying her the opportunity to participate in or benefit from its services and facilities, privileges, advantages, or accommodations.

D.      Acting intentionally and with deliberate indifference by denying Plaintiff access to its services and facilities.

E.      Defendants has otherwise discriminated against the Plaintiff.

30.     Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. By law, such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

10

31.     As a proximate result of Defendants' violations of Section 504, Defendants have inflicted injury and damages upon the Plaintiff, including loss of a civil right, mental anguish, humiliation and mental pain and suffering.

32.     Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

## PRAYER FOR RELIEF

WHEREFORE, Jane Doe 2 prays for the following relief:

A.      An order enjoining Defendants from discriminating against the Plaintiff, requiring Defendants to (i) adopt and implement a legally compliant admissions policy, practices and procedures; (ii) make available qualified staff to assist Plaintiff with her activities of daily living, as needed; (iii) provide its appropriate employees training on its aforementioned admissions policy; (iv) provide its appropriate employees disability cultural competency training; and (v) remove existing architectural barriers where readily achievable;

B.      A declaration that Defendants in denying access to its facilities and services discriminates against the Plaintiff and that Defendants fails to have an admission policy as required by law;

C.      An award of compensatory monetary damages;

D.      An award of attorneys' fees and costs; and

E.      Such other relief as the Court deems just.

## COUNT III

## VIOLATION OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT, 42 U.S.C. § 18116

33.     Plaintiff incorporates here by reference paragraphs 1 through 15, as if fully set forth herein.

34.     Since March 2010, there was in full force and effect a statute known as the Patient Protection and Affordable Care Act (the "Affordable Care Act"), 42 U.S.C. § 18001, *et seq.,* Pub.L. 111-148. Section 1557 of the Affordable Care Act prohibits discrimination on the basis of race,

11

color, national origin, sex, age, or disability in certain health programs and activities. 42 U.S.C. § 18116. Section 1557's implementing regulations, 45 C.F.R. §§ 92.1 – 92.203, effective as of July 18, 2016, apply to health programs or activities administered by recipients of Federal financial assistance from the Department of Health and Human Services.

35.    Hospital is a participating provider in the Medicare and Medicaid programs and as a result, thereof, it is a covered entity under Section 1557.

36.    The implementing regulations of Section 1557 prohibit discrimination of an individual on the basis of disability, *inter alia*, and prohibit an individual from being excluded from participation in, denied the benefits of, or otherwise be subjected to discrimination under any health program or activity. *See* 45 C.F.R. § 92.101(a)(1).

37.    Those regulations, in pertinent part, require covered entities to comply with the accessibility standards for buildings and facilities set forth in the 1991 Standards or the 2010 Standards. 45 C.F.R. § 92.203(a)&(b). The "1991 Standards" means the 1991 ADA Standards for Accessible Design, published at appendix A to 28 CFR part 36 on July 26, 1991, and republished as appendix D to 28 CFR part 36 on September 15, 2010. *See* 45 C.F.R. § 92.4. The "2010 Standards" means the 2010 ADA Standards for Accessible Design, as defined at 28 CFR 35.104. *See Id.*

38.    Those regulations also require covered entities to make reasonable modifications to its policies, practices, or procedures when such modifications are necessary to avoid discrimination on the basis of disability, unless the covered entity can demonstrate that making the modifications would fundamentally alter the nature of the health program or activity. 45 C.F.R. § 92.105.

39.    Hospital's discriminatory refusal to accept Jane Doe 2 as a patient on the basis of

12

her physical disability was intentional and done with deliberate indifference as to Jane Doe 2's federally protected civil and legal rights.

40.     Hospital's acts and omissions alleged herein violated Section 1557 and its implementing regulations and discriminated against Plaintiff by:

      A.     Denying her meaningful access to its mental health services.

      B.     Denying her the opportunity for the full and equal enjoyment of its health program or activity.

      C.     Denying her the opportunity to participate in or benefit from its services and facilities, privileges, advantages, or accommodations.

      D.     Acting intentionally and with deliberate indifference by denying Plaintiff access to its services and facilities.

      E.     Failing to make reasonable modifications in its policies, practices, or procedures, which are necessary to afford Defendants' services and facilities to her where such modifications would not fundamentally alter the nature of its services.

      F.     Failing to remove architectural barriers where such removal is readily achievable to permit her to access its facilities the purposes of utilizing its services.

      G.     Defendants has otherwise discriminated against the Plaintiff.

41.     Section 1557's implementing regulations provide that the enforcement mechanisms available for and provided under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, *inter alia*, shall be available for purposes of Section 1557 as implemented by this part, and "compensatory damages for violations of Section 1557 are available in appropriate administrative and judicial actions brought under this rule." *See* 45 C.F.R. § 92.301.

42.     Defendants' conduct constitutes ongoing and continued violations of Section 1557. Unless restrained from doing so, Defendants will continue to violate Section 1557. This conduct, unless enjoined, will inflict injuries on Plaintiff for which she will have no adequate remedy at law.

13

43. Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. By law, such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

44. As a direct and proximate result of the foregoing, Plaintiff suffered the loss of a civil right and she suffered great mental anguish; and she will continue so to suffer for a long time in the future; and Plaintiff was otherwise injured and damaged.

45. Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

## PRAYER FOR RELIEF

WHEREFORE, Jane Doe 2 prays for the following relief:

A. An order enjoining Defendants from discriminating against the Plaintiff, requiring Defendants to (i) adopt and implement a legally compliant admissions policy, practices and procedures; (ii) make available qualified staff to assist Plaintiff with her activities of daily living, as needed; (iii) provide its appropriate employees training on its aforementioned admissions policy; (iv) provide its appropriate employees disability cultural competency training; and (v) remove existing architectural barriers where readily achievable;

B. A declaration that Defendants in denying access to its facilities and services discriminates against the Plaintiff and that Defendants fails to have an admission policy as required by law;

C. An award of compensatory monetary damages;

D. An award of attorneys' fees and costs; and

E. Such other relief as the Court deems just.

Jane Doe and John Doe, as next friends of Plaintiff Jane Doe 2, a minor.

/s/ Jennifer M. Sender

_____

One of Her Attorneys

Jennifer M. Sender (ARDC No. 6207774)
Andrés J. Gallegos (ARDC No. 6212168)
Attorneys for Plaintiff
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000 - Telephone
(312) 782-6690 - Facsimile
jsender@rsplaw.com
agallegos@rsplaw.com

15